UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| JAMES S. WICKLUND and HUNG NGO, on behalf of themselves and all others similarly situated, | ) ) ) | **Class Action Complaint** |
| | ) | |
| | ) | **Demand for Jury Trial** |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| EXPERIAN INFORMATION SOLUTIONS, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

Plaintiffs, James S. Wicklund and Hung Ngo, by counsel, on behalf of themselves and all others similarly situated, allege:

## NATURE OF THE CASE

1.      Between approximately September 1, 2013 and September 16, 2015, Defendant Experian Information Solutions, Inc. ("Experian") was subject to a data breach (the "Experian data breach"), when hackers stole the personal and protected information of 15 million T-Mobile customers whose data was housed on Experian's servers because T-Mobile uses Experian to run credit checks on those customers. The personal and protected information obtained by the hackers includes name, address, Social Security number, date of birth, identification number (typically a driver's license, military ID, or passport number), and additional information used in T-Mobile's own credit assessment ("PII").

2.     Experian's conduct—failing to take adequate and reasonable measures to ensure its data systems were protected, failing to take available steps to prevent and stop the breach from ever happening, failing to disclose to its customers the material facts that it did not have adequate computer systems and security practices to safeguard customers' PII, and failing to provide timely and adequate notice of the Experian data breach—has caused substantial consumer harm and injuries to millions across the United States.

3.     As a result of the Experian data breach, numerous individuals whose PII was housed on Experian's servers have been exposed to fraud and these individuals have been harmed. The injuries suffered by the proposed Class as a direct result of the Experian data breach include: theft of their PII; costs associated with the detection and prevention of identity theft and unauthorized use of their PII; costs associated with time spent and the loss of productivity from taking time to address and attempt to ameliorate, mitigate, and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance, and annoyance of dealing with all issues resulting from the Experian data breach; the imminent and certainly impending injury flowing from potential fraud and identify theft and medical identity theft posed by their PII being placed in the hands of hackers; damages to and diminution in value of their PII entrusted to Experian and with the mutual understanding that Experian would

safeguard Plaintiffs' and Class members' data against theft and not allow access and misuse of their data by others; and continued risk to their PII, which remains in the possession of Experian and which is subject to further breaches so long as Experian fails to undertake appropriate and adequate measures to protect Plaintiffs' and Class members' data in its possession.

4.      Plaintiffs seek to remedy these harms, and prevent their future occurrence, on behalf of themselves and all similarly situated individuals whose PII was stolen as a result of the Experian data breach.

## PARTIES

5.      Plaintiff James S. Wicklund is a citizen of Illinois. Mr. Wicklund activated two cellular phones for T-Mobile prepaid service in January 2015. On October 5, 2015, Mr. Wicklund called Experian to learn whether he was a victim of the breach and Experian directed him to sign up for the two years of credit monitoring that Experian is offering as a result of the breach.

6.      Plaintiff Hung Ngo is a citizen of Washington. Mr. Ngo financed the purchase of a cellular phone through T-Mobile on December 23, 2014, and agreed to pay for that phone over time.

7.      Plaintiffs would not have given, or not allowed Experian to be given, their PII had Experian told them that it lacked adequate computer systems and data security practices to safeguard customers' PII from theft, and had Experian provided them with timely and accurate notice of the Experian data breach.

3

8.     Plaintiffs suffered actual injury from having their PII compromised and stolen in and as a result of the Experian data breach.

9.     Defendant Experian Information Solutions, Inc. ("Experian") housed data for 15 million of T-Mobile's customers on its servers for the purposes of processing T-Mobile's credit applications. Experian is a citizen of California with its U.S. headquarters and principal place of business located at 475 Anton Boulevard, Costa Mesa, CA 92626. It is incorporated in Delaware.

## JURISDICTION & VENUE

10.     This Court has diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action involving more than 100 class members, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and many members of the class are citizens of states different from the Defendant.

11.     This Court has federal question jurisdiction under 28 U.S.C. § 1331 in light of the Fair Credit Reporting Act alleged below; supplemental jurisdiction over state claims exists under 28 U.S.C. § 1367.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Experian regularly transacts business here; and some of the Class members reside in this district. The causes of action for the putative Class Members also arose, in part, in this district.

## CLASS ACTION ALLEGATIONS

13.     Plaintiffs bring all claims as class claims under Federal Rule of Civil Procedure 23. The requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(3) are met with respect to the Class defined below.

14.     The Plaintiff Class consists of all persons whose PII was compromised by the Experian data breach.

15.     The Class is so numerous that joinder of all members is impracticable. The Class includes 15 million individuals whose PII was compromised by the Experian data breach.

16.     There are numerous questions of law and fact common to Plaintiffs and the Class, including the following:

- whether Experian engaged in the wrongful conduct alleged herein;

- whether Experian's conduct violated the Fair Credit Reporting Act;

- whether Experian owed a duty to Plaintiffs and members of the Class to adequately protect their PII and to provide timely and accurate notice of the Experian data breach to Plaintiffs and members of the Class;

- whether Experian breached its duties to protect the PII of Plaintiffs and members of the Class;

- whether Experian knew or should have known that its servers were vulnerable to attack;

- whether Experian unlawfully failed to inform Plaintiffs and members of the Class that it did not maintain computers and security practices adequate to

5

reasonably safeguard PII and whether Experian failed to inform Plaintiffs and members of the Class of the data breach in a timely and accurate manner;

- whether Plaintiffs and members of the Class suffered injury, including ascertainable losses, as a result of Experian's conduct (or failure to act); and

- whether Plaintiffs and members of the Class are entitled to recover damages.

17.     Plaintiffs' claims are typical of the claims of the Class in that the representative Plaintiffs, like all Class members, had their PII compromised in the Experian data breach.

18.     Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have retained counsel who is experienced in class-action and complex litigation. Plaintiffs have no interests that are adverse to, or in conflict with, other members of the Class.

19.     The questions of law and fact common to the Class Members predominate over any questions which may affect only individual members.

20.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation. Moreover, absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy.

21.     The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for Experian. In contrast, the conduct of this action as a class action presents far fewer management difficulties, conserves judicial resources and the parties' resources, and protects the rights of each Class member.

## FACTS

22.     Experian has an obligation to maintain the security of data housed on its servers, which Experian itself recognizes in its Privacy Policy on its website, http://www.experian.com/privacy/index.html (last visited Oct. 2, 2015):

> Our Approach to Privacy
>
> Experian® considers itself a steward of the information it collects, maintains and utilizes. Our responsibility is to ensure the security of the information in our care and to maintain the privacy of consumers through appropriate, responsible use.

23.     Experian goes on to state it is "held accountable for its information use by consumer privacy expectations and by laws and industry codes established by government entities and industry organizations around the world." (http://www.experian.com/privacy/accountability.html) (last visited Oct. 2, 2015).

The Federal Fair Credit Reporting Act

The Gramm-Leach-Bliley Act

The Children's Online Privacy Protection Act

The Direct Marketing Association's Ethical Business Practices

7

Privacy Alliance

CAN SPAM Act

Email Service Provider Consortium

Telemarketing Sales Rule

Health Insurance Portability & Accountability Act

(*Id.*)

24.     Experian also makes the following representations about its security procedures: "Experian restricts access to information that you provide only to those employees who need to know such information . . . . Experian maintains physical, electronic and procedural safeguards to guard your information. Experian also utilizes systems access controls to protect your information. Experian continually monitors access to its systems to detect unauthorized attempts to gain access to information." (http://www.experian.com/privacy/online_credit_reports.html) (last visited Oct. 2, 2015).

25.     Unfortunately, Experian didn't meet the promises it made. On Thursday, October 1, Experian announced the Experian data breach. Experian admitted that it "experienced an unauthorized acquisition of information from a server that contained data on behalf of one of [Experian's] clients, T-Mobile, USA, Inc." (http://www.prnewswire.com/news-releases/experian-notifies-consumers-in-the-us-who-may-have-been-affected-by-unauthorized-acquisition-of-a-clients-data-300152926.html) (last visited Oct. 2, 2015).

26.     The data stolen "included some personally identifiable information for approximately 15 million consumers in the US, including those who applied for T-Mobile USA postpaid services or device financing from September 1, 2013 through September 16, 2015, based on Experian's investigation to date." (*Id.*) The data stolen included "names, dates of birth, addresses, and Social Security numbers and/or an alternative form of ID like a drivers' license number, as well as additional information used in T-Mobile's own credit assessment." (*Id.*)

27.     Experian has not yet notified affected consumers. (*Id.*)

28.     Experian itself acknowledged the damage caused by its breach: "'We take privacy very seriously and we understand that this news is both stressful and frustrating.  We sincerely apologize for the concern and stress that this event may cause,' said Craig Boundy, Chief Executive Officer, Experian North America." (*Id.*)

29.     T-Mobile, Experian's customer, also expressed its frustration at Experian's lack of data security: "'Obviously I am incredibly angry about this data breach,' [T-Mobile CEO John Legere] said, saying he would conduct a 'thorough review' of his company's relationship with Experian but that his top concern for now was 'assisting any and all consumers affected.'" USA Today, *Experian breach may have exposed 15 million T-Mobile records*, http://www.usatoday.com/story/tech/2015/10/01/t-mobile-breach-may-have-exposed-15-million-records/73171066/ (last visited Oct. 2, 2015).

30.     Experian also told the media that the breach was discovered sometime in mid-September, but the general public was not notified until October 1. (*Id.*)

Experian told T-Mobile that the encryption purportedly protecting the PII may have been compromised and a "comprehensive forensic investigation [had been] launched." (*Id.*)

31.    Experian also notified "appropriate federal and international law enforcement agencies and has taken additional security steps to help prevent future incidents." (http://www.experian.com/data-breach/t-mobilefacts.html (last visited Oct. 2, 2015). Experian admitted that the stolen PII "could lead to an increased risk of identity theft." *Id.*

32.    Experian's website also offers steps to protect the data breach victims that show just how damaging the Experian data beach is to class members:

- Always remain vigilant against threats of ID theft or fraud.

- If you suspect you are a victim of identity theft or fraud, you have the right to file and obtain a copy of the police report.

- Be alert to "phishing" by someone who acts like a colleague or friend and requests sensitive information over email, such as passwords, social security numbers, or bank account numbers. . . .

- Consider placing a fraud alert or security freeze on your credit file.

- The Federal Trade Commission (FTC) also provides information about how to avoid identity theft and what to do if you suspect your identity has been stolen. Contact the FTC . . .

- . . . [I]t is always a good practice to monitor your banking activity.

- . . . [I]t is always a good practice to monitor your credit card activity.

10

(*Id.*)

33.     The stolen PII of the 15 million victims is already showing up for sale

on the dark Web, according to an online security firm.

(http://www.fiercewireless.com/story/report-t-mobile-customer-data-experian-

breach-may-already-be-sale/2015-10-05 (last visited Oct. 6, 2015).)

**COUNT I – WILLFUL VIOLATION OF
THE FAIR CREDIT REPORTING ACT**

34.     Plaintiffs incorporate by reference those paragraphs set out above as if

fully set forth herein.

35.     Under the FCRA, a "consumer reporting agency" is defined as "any

person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly

engages in whole or in part in the practice of assembling or evaluating consumer

credit information or other information on consumers for the purpose of furnishing

consumer reports to third parties . . . ." 15 U.S.C. § 1681a(f).

36.     Experian is a consumer reporting agency under the FCRA because it,

for monetary fees, regularly engages in the practice of assembling or evaluating

consumer credit information or other information on consumers for the purpose of

furnishing consumer reports to third parties including T-Mobile.

37.     Under the FCRA, a "consumer report" is defined as "any written, oral,

or other communication of any information by a consumer reporting agency bearing

on a consumer's credit worthiness, credit standing, credit capacity, character,

general reputation, personal characteristics, or mode of living which is used or

11

expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for -- (A) credit . . . to be used primarily for personal, family, or household purposes; . . . or (C) any other purpose authorized under section 1681b of this title." 15 U.S.C. § 1681a(d)(1).

38. The compromised data was a consumer report under the FCRA because it was a communication of information bearing on class members' credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living used for the purpose of serving as a factor in establishing the class members' eligibility for credit.

39. As a consumer reporting agency, Experian is required to "maintain reasonable procedures designed to . . . limit the furnishing of consumer reports to the purposes listed under section 1681b of this title." 15 U.S.C. § 1681e(a).

40. None of the purposes listed under 15 U.S.C. § 1681b permit credit reporting agencies to disclose consumer reports to unauthorized individuals such as computer hackers.

41. Experian willfully and/or recklessly failed to maintain reasonable procedures designed to limit the furnishing of consumer reports to the purposes outlined under section 1681b of the FCRA. Experian's willful and/or reckless conduct is supported by, among other things, the fact that Experian experienced other data breaches in the past. Also, Experian's core business model involves data compilation and analysis, thus Experian was well aware of the importance of and risks to data security.

42.     Experian's willful and/or reckless conduct provided a means for unauthorized intruders to obtain Plaintiffs' and class members' personal information for no permissible purposes under the FCRA.

43.     Plaintiffs and class members have been damaged by Experian's willful and/or reckless violation of the FCRA.

44.     Plaintiffs and class members are entitled to recover "any actual damages sustained by the consumer . . . or damages of not less than $100 and not more than $1,000." 15 U.S.C. § 1681n(a)(1)(A) (emphasis added).

45.     Plaintiffs and class members are also entitled to punitive damages, costs of the action, and reasonable attorneys' fees. 15 U.S.C. § 1681n(a)(2), (3).

## COUNT II – NEGLIGENT VIOLATION
## OF THE FAIR CREDIT REPORTING ACT

46.     Plaintiffs incorporate by reference those paragraphs set out above as if fully set forth herein.

47.     Experian was negligent in failing to maintain reasonable procedures to protect Plaintiffs' and class members' personal information and consumer reports.

48.     Experian's negligent conduct provided a means for unauthorized intruders to obtain Plaintiffs' and class members' personal information and consumer reports for no permissible purposes under the FCRA.

49.     Plaintiffs and class members have been damaged by Experian's negligent violation of the FCRA.

13

50.     Plaintiffs and class members are entitled to recover "any actual damages sustained by the consumer." 15 U.S.C. § 1681o(a)(1).

51.     Plaintiffs and class members are also entitled to recover their costs of the action, as well as reasonable attorneys' fees. 15 U.S.C. § 1681o(a)(2).

## COUNT III - NEGLIGENCE

52.     Plaintiffs incorporate by reference those paragraphs set out above as if fully set forth herein.

53.     Experian owed a duty to Plaintiffs and members of the Class to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting and protecting their PII in its possession from being compromised, lost, stolen, accessed, and misused by unauthorized persons. This duty included, among other things, designing, maintaining, and testing Experian's security systems to ensure that Plaintiffs' and Class members' PII in Experian's possession was adequately secured and protected. Experian further owed a duty to Plaintiffs and Class members to implement processes that would detect a breach of its security system in a timely manner and to timely act upon warnings and alerts.

54.     Experian owed a duty, as articulated in in its own Privacy Policy, to protect its customers' PII.

55.     Experian owed a duty to timely disclose the material fact that Experian's computer systems and data security practices were inadequate to safeguard individuals' PII.

56.     Experian breached these duties by the conduct alleged in the Complaint by, including without limitation, (a) failing to protect the PII; (b) failing to maintain adequate computer systems and data security practices to safeguard PII; (c) failing to disclose the material fact that Experian's computer systems and data security practices were inadequate to safeguard PII; and (d) failing to disclose in a timely and accurate manner to Plaintiffs and members of the Class the material fact of the Experian data breach.

57.     The conduct alleged in the Complaint caused Plaintiffs and Class members to be exposed to fraud and be harmed. The injuries suffered by the Plaintiffs and the proposed Class as a direct result of the Experian data breach include: theft of their PII; costs associated with the detection and prevention of identity theft and unauthorized use of their financial accounts and identity; costs associated with time spent and the loss of productivity from taking time to address and attempt to ameliorate, mitigate, and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all issues resulting from the Experian data breach; the imminent and certainly impending injury flowing from potential fraud and identify theft posed by their PII being placed in the hands of hackers; damages to and diminution in value of their PII entrusted to Experian with the mutual understanding that Experian would safeguard Plaintiffs' and Class

members' data against theft and not allow access and misuse of their data by others; and continued risk to their PII, which remains in the possession of Experian and which is subject to further breaches so long as Experian fails to undertake appropriate and adequate measures to protect Plaintiffs' and Class members' data in its possession.

### COUNT IV – VIOLATION OF STATE CONSUMER LAWS

58.     Plaintiffs incorporate by reference those paragraphs set out above as if fully set forth herein.

59.     Plaintiffs and Class members are consumers whose interaction with Experian was primarily for personal, family, or household purposes.

60.     Experian engaged in the conduct alleged in this Complaint in transactions intended to result, and which did result, in the sale of goods or services to consumers, including Plaintiffs and members of the Class.

61.     Experian is engaged in, and its acts and omissions affect, trade and commerce. Experian's acts, practices, and omissions were done in the course of Experian's business of marketing, offering for sale, and selling goods and services throughout the United States, including in Indiana.

62.     Experian's conduct as alleged in this Complaint, including without limitation that (a) Experian represented that it protected the class members' PII, but Experian failed to protect that sensitive information; (b) Experian's failure to maintain adequate computer systems and data security practices to safeguard PII in its possession; (c) Experian's failure to disclose the material fact that Experian's

computer systems and data security practices were inadequate to safeguard PII from theft; and (d) Experian's failure to disclose in a timely and accurate manner to Plaintiffs and members of the Class the material fact of the Experian data breach, constitutes unfair methods of competition and unfair, deceptive, unconscionable, fraudulent, and/or unlawful acts or practices.

63.     By engaging in such conduct and omissions of material facts, Experian has violated state consumer law prohibiting representing that "goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have," representing that "goods and services are of a particular standard, quality or grade, if they are of another," and/or "engaging in any other conduct which similarly creates a likelihood of confusion or of misunderstanding;" and state consumer protection laws prohibiting unfair methods of competition and unfair, deceptive, unconscionable, fraudulent, and/or unlawful acts or practices.

64.     The Plaintiffs and Class members suffered damages, ascertainable losses and injuries, including to their money and property, as a direct result of Experian's unfair methods of competition, unfair, deceptive, unconscionable, fraudulent, and/or unlawful acts or practices.

65.     Experian's conduct described in this Complaint violates the following state consumer statutes:

    a.  The Illinois Consumer Fraud and Deceptive Business Practices Act 815 Ill. Comp. Stat. Ann. 505/2, *et seq.*;

17

b. The Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. Ann. 510/2, *et seq.*; and

c. Washington Consumer Protection Act, Wash. Rev. Code RCW §§ 19.86.010, *et seq.*

66. Plaintiffs and Class members are entitled to damages, reasonable attorneys' fees, costs of suit, an order enjoining Experian's unlawful practices, and any other relief which the Court deems proper.

## COUNT V – VIOLATION OF STATE DATA BREACH STATUTES

67. Plaintiffs incorporate by reference those paragraphs set out above as if fully set forth herein.

68. Legislatures in the states and jurisdictions listed below have enacted data breach statutes. These statutes generally require that any person or business conducting business within the state that owns or licenses computerized data that includes PII shall disclose any breach of the security of the system to any resident of the state whose personal information was acquired by an unauthorized person, and further require that the disclosure of the breach be made in the most expedient time possible and without unreasonable delay.

69. The Experian data breach constituted a breach of the security system of Experian within the meaning of the below state data breach statutes and the data breached was protected and covered by the below data breach statutes.

70. Experian unreasonably delayed in informing the public, including the Plaintiffs and the Class members about the breach of the security of Plaintiffs' and

Class members' PII after Experian knew or should have known that the data breach had occurred.

71.     Experian failed to disclose to Plaintiffs and Class members without unreasonable delay and in the most expedient time possible, the breach of security of Plaintiffs' and Class members' PII when Experian knew or reasonably believed such information had been compromised.

72.     Had Experian provided timely and accurate notice, Plaintiffs and Class members could have avoided or mitigated the harm caused by the Experian data breach. For example, they could have taken earlier security precautions in time to prevent or minimize identity theft.

73.     Experian's failure to provide timely and accurate notice of the Experian data breach violated the following state data breach statutes:

      a.  815 Ill. Comp. Stat. Ann. 530/10, *et seq.*;

74.     Plaintiffs and members of Illinois Class seek all remedies available under their respective state data breach statutes, including but not limited to a) damages suffered by Plaintiffs and Class members as alleged above, b) equitable relief, including injunctive relief, and c) reasonable attorneys' fees and costs, as provided by law.

## RELIEF REQUESTED

Plaintiffs, on behalf of themselves and all others similarly situated, request that the Court enter judgment against Experian, as follows:

1.      An award to Plaintiffs and the Class of compensatory, direct, consequential, statutory, and incidental damages;

2.      An award of attorneys' fees, costs, and expenses, as provided by law, or equity, or as otherwise available;

3.      An award of pre-judgment and post-judgment interest, as provided by law or equity; and

4.      Such other or further relief as may be appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

DATED this 7th day of October, 2015.

By:     s/Angelica W. Wawrzynek
        Angelica W. Wawrzynek, BAR #6299647
        Attorney for Plaintiff
        Tapella & Eberspacher LLC
        Attorneys at Law
        PO Box 627
        Mattoon, IL 61938
        T:  217-639-7800
        F:  217-639-7810
        E:  Wawrzynek@ForYourJustice.com

        *Counsel for Plaintiffs and the Proposed
        Plaintiff Class.*


        **Motion for Pro Hac Vice admittance
        anticipated:**

        Irwin B. Levin, Ind. Bar No. 8786-49
        Richard E. Shevitz, Ind. Bar No. 12007-49
        Lynn A. Toops, Ind. Bar No. 26386-49A
        COHEN & MALAD, LLP
        One Indiana Square, Suite 1400
        Indianapolis, IN 46204
        Telephone: (317) 636-6481
        Fax: (317) 636-2593
        ilevin@cohenandmalad.com
        rshevitz@cohenandmalad.com
        ltoops@cohenandmalad.com